**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EDSON TORO**

v. C.A. No. 05- 455 T

**STEPHEN REGINE,** Assistant Attorney General,
**PATRICIA COYNE-FAGUE, and A.T. WALL,**
Director, Rhode Island Department of Corrections.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Edson Toro, *pro se*, an inmate incarcerated at the Rhode Island Department of Corrections, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that he was being confined beyond the expiration date of his criminal sentence. Mr. Toro averred that his sentence expired on August 1, 2005, and that the Rhode Island Department of Corrections, after consulting with Mr. Toro's criminal prosecutor, "recalculated" the term of confinement to exclude certain good-time credit. Mr. Toro avers that his sentence now expires February 10, 2006.

Accordingly, this Court construed the instant matter as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and/or 28 U.S.C. § 2254 and ordered the Attorney General of the State of Rhode Island to respond expediously to the application. The Attorney General complied and moved to dismiss the petition. Mr. Toro has objected to the motion to dismiss, indicating that he does not want this Court to construe the matter as a petition for a writ of habeas corpus, but rather, as a Complaint filed pursuant to 42 U.S.C. § 1983.

Since Mr. Toro seeks to have this action construed as a civil rights action pursuant to 42 U.S.C. § 1983, I recommend that the Attorney General's motion to dismiss (as a petition for a writ

of habeas corpus) be denied. The Court will construe the matter as a 42 U.S.C. § 1983 action.[1]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
December 1, 2005

[1] Contemporaneous with this Report and Recommendation, I shall issue an Order vacating the Attorney General's designation as a party respondent and I shall order the plaintiff to serve the named defendants in accordance with Fed.R.Civ.P. 4.