**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**EDSON TORO**

v. **CA. No. 05 - 455 T**

**STEPHEN REGINE, A.T. WALL**
**AND PATRICIA COYNE-FAGUE**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge

Confined at the Adult Correctional Institutions in Cranston, Rhode Island, *pro se* plaintiff Edson Toro filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants Stephen Regine, a state prosecutor at the Rhode Island Attorney General's Office, A.T. Wall, Director of the Rhode Island Department of Corrections, and Patricia Coyne-Fague, Chief Legal Counsel at the Rhode Island Department of Corrections.

In his Complaint, plaintiff alleges that he is being confined beyond the expiration date of his criminal sentence. Mr. Toro avers that his sentence expired on August 1, 2005, and that the Rhode Island Department of Corrections, after consulting with Mr. Toro's criminal prosecutor, recalculated the term of confinement to exclude certain good-time credit. Mr. Toro avers that his sentence now expires February 10, 2006. Plaintiff has filed this instant Section 1983 action, seeking compensatory and punitive damages against the named defendants due to his alleged continued unlawful confinement.[1]

---

[1] The Court notes that after the plaintiff filed the instant Complaint, he pled guilty to second degree murder and is now serving a twenty-eight year sentence on that charge. See State of Rhode Island's Motion to Dismiss (as writ of habeas corpus), filed November 10, 2005 (Dckt # 3), p. 4.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Pursuant to this directive, this Court finds that the instant Complaint fails to state a claim upon which relief can be granted.

In an action for damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). The Heck Court ruled in no uncertain terms that when a section 1983 claimant seeks damages for an allegedly unconstitutional imprisonment, he must demonstrate that the sentence has been declared invalid by a tribunal authorized to make such a determination. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998). "In the absence of such a showing of impugnment, the claim is not cognizable under section 1983." Id. (internal quotations omitted).

Here, plaintiff's sentence or term of confinement has not been invalidated by any tribunal. Indeed, plaintiff has on-going proceedings in this Court and in the state courts attempting to achieve such a result. See Toro v. Wall, C.A. No. 05-431 ML (D.R.I. filed October 17, 2005, Dckt # 1, 3, & 8). Any determination by this Court in this proceeding that the defendants violated the plaintiff's rights in recalculating his good-time credits would necessarily call into question the validity of plaintiff's term of confinement. That is something this Court can not do here. See Figueroa, 147 F.3d at 80. Plaintiff's instant Section 1983 action is, at best, premature. Accordingly, plaintiff's Complaint should be dismissed without prejudice.

For the reasons set forth above, I recommend that plaintiff's Complaint be dismissed without prejudice. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. See Fed.R.Civ.P.72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
Date: 27 Dec 05